**Min Hui ZHENG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 04–3219–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

John Z. Zhang, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Donna A. Krappa, Assistant United States Attorney for the District of New Jersey, for Respondent.

Present: NEWMAN, JACOBS, and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is denied.

Min Hui Zheng, through counsel, has filed a timely petition for review of a June 1, 2004 decision by the BIA affirming the April 2003 decision of an immigration judge ("IJ") denying his application for asylum as time-barred, and withholding of removal on the merits.[1] We assume the parties' familiarity with the facts and the procedural history.

Ordinarily, it is the BIA's decision that is under review. *See, e.g., Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002). Where, as here, the BIA issues a short opinion that primarily recounts the IJ's decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (reviewing IJ's decision, rather than BIA's, where the former was thirty pages and the latter was two).

Zheng seeks to challenge the IJ's finding that he failed to demonstrate by clear and convincing evidence that he filed his application for asylum within one year of the date of his arrival in the United States, *see* 8 U.S.C. § 1158(a)(2)(B) (2000), as amended by the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231, and failed to allege any "changed" or "extraordinary" circumstances that would excuse his late filing, 8 U.S.C. § 1158(a)(2)(D). However, we lack jurisdiction to review the agency's findings regarding the untimeliness of an alien's application for asylum under 8 U.S.C. § 1158(a)(3).

While we lack jurisdiction to consider the IJ's ruling on the asylum claim, we retain jurisdiction to consider the denial of Zheng's request for withholding of removal. Zheng's claims for relief stem from his wife's alleged forced abortion. If a petitioner's wife has undergone a forced sterilization or abortion, he is presumptively entitled to asylum and withholding of removal relief unless the government rebuts this presumption through a showing of changed circumstances. *See In re C–Y–Z–,* 21 I. & N. Dec. 915, 918–19, 1997 WL 353222 (BIA 1997); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003).

In this case, the IJ noted that the only evidence that Zheng had submitted in support of his claim that his wife was subjected to an involuntary abortion was an unauthenticated abortion certificate which, the IJ concluded, could not be "give[n] substantial weight" under 8 C.F.R. § 287.6. The IJ explained that the certificate's weight was further diminished because the State Department report had indicated that (1) there is widespread fraud and fabrication of documents coming from the Fuzhou area of China, and (2) abortion certificates are generally issued only if an abortion is done on a voluntary basis.

In *Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391 (2d Cir.2005), we explained that " '§ 287.6 ... is not the exclusive means of authenticating records before an immigration judge,' in part, because 'asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor.' " *Cao He Lin,* 428 F.3d at 404 (quoting *Gui Cun*

---

1. In the proceedings below, Zheng also requested withholding of removal pursuant to the Convention Against Torture ("CAT"), which was denied by the IJ and the BIA. Because Zheng has failed to present any factual or legal arguments in his appellate brief as to why he is entitled to CAT relief, we deem that claim to be waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

*Liu v. Ashcroft,* 372 F.3d 529, 532 (3d Cir.2004)). We concluded "that the IJ erred by *rejecting* the notarial birth certificate based on Cao's failure to authenticate it pursuant to 'regulation.'" *Id.* at 405 (emphasis added).

Here, by contrast, the IJ accepted the unauthenticated abortion certificate into evidence, and noted that it would not be "give[n] substantial weight." The IJ then explained that the certificate's weight was further diminished by the information provided in the State Department report. Because the IJ did not reject the abortion certificate, but instead found that its lack of authentication went toward its evidentiary weight, and because the IJ buttressed her claim by citing to the undisputed evidence contained in the State Department report, it cannot be said "that a reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In addition, substantial evidence supports the IJ's finding that Zheng's failure to produce his detention order in support of his otherwise vague claim that he was detained for a week following his encounter with family planning officials undercut his claim for relief. *See Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 71 (2d Cir.2004). The IJ identified the detention order as a particular piece of missing, relevant documentation, and Zheng conceded that the order was with his uncle in the United States, supporting a conclusion that such evidence was reasonably available. *See Jin Shui Qiu,* 329 F.3d at 153 ("to turn down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner").

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

We have considered each of Zheng's remaining claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).